IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

JAMES EDWARD POTTS § 
VS. § CIVIL ACTION NO. 1:05cv294
GARY L. JOHNSON §

MEMORANDUM OPINION REGARDING VENUE

Plaintiff James Edward Potts, an inmate confined in the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Gary L. Johnson, the Director of the Texas Department of Criminal Justice.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains of incidents which allegedly occurred at the Eastham Unit, the Stiles Unit, the Ellis Unit, and the Ramsey I Unit.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.    Plaintiff complains of incidents allegedly occurring at the Eastham Unit located in Houston County, Texas; the Stiles Unit located in Jefferson County, Texas; the Ellis Unit located in Walker County, Texas; and the Ramsey I Unit located in Brazoria County, Texas. Plaintiff named as the only defendant Gary L. Johnson. Plaintiff asserts defendant Johnson is employed at the Texas Department of Criminal Justice in Huntsville, Texas. The city of Huntsville is located in Walker County, Texas.

Pursuant to 28 U.S.C. § 124, Walker County and Brazoria County are located in the United States District Court for the Southern District of Texas while Jefferson County and Houston County are located in the United States District Court for the Eastern District of Texas. Further, the defendant is employed

in Walker County, Texas.  When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Walker County, Texas.  *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

While jurisdiction may be proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interest of justice would best be served if this complaint were transferred where the defendant resides and a substantial portion of the incidents occurred.  This case should be transferred to the Southern District of Texas.  An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 2nd day of May, 2005.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE